INTERNATIONAL UNION OF OPER-
ATING ENGINEERS, LOCAL 627,
Plaintiff-Appellee,

v.

Harold ARTHURS, Field Director, Bu-
reau of Reclamation, Denver, Colo-
rado, et al., Defendants-Appellants.

No. 73–1060.

United States Court of Appeals,
Tenth Circuit.

May 30, 1973.

Laurence Gold, Washington, D. C., for plaintiff-appellee.

Robert E. Kopp, Dept. of Justice, Washington, D. C., for defendants-appellants.

Before HILL, McWILLIAMS and DOYLE, Circuit Judges.

PER CURIAM.

This action was filed in the Western District of Oklahoma by Local 627, International Union of Operating Engineers, against two officials of the Bureau of Reclamation and the Bureau, seeking to enjoin the opening of bids and the awarding of a construction contract in connection with the Mountain Park Dam Project in Kiowa County, Oklahoma.

Trial of the case was had to the court upon the merits, after which the court made findings of fact and conclusions of law. A decree was entered enjoining the awarding of any contract based upon the bid procedures followed and in question in the case. The Bureau of Reclamation and the two Bureau officials, all named defendants, have appealed. Appellants after appeal filed a motion to stay the injunction order. To grant such stay, this Court concluded, would be tantamount to a decision of the case on the merits. By agreement of the parties and at the suggestion of the court, the matter has been expedited for argument and submission of the

case on its merits without the necessity of following the usual procedure of submission.

During the pendency of the appeal, the appellants filed a motion to vacate the judgment and remand the case with instructions to dismiss the complaint for mootness. In their motion to vacate judgment and remand the cause, appellants argue the case is moot since the district court ordered issuance of bids based on the November 27 and November 30 wage determinations. Appellants' position is that as these determinations expired on March 26, 1973, and no Bureau action was taken by that time, the court's judgment no longer has any force and effect.

■ We do not accept the Bureau's argument. The court's judgment is not limited to Bureau action taken under the two modified determinations. It is directed toward the Bureau's arbitrary and capricious application of the Davis-Bacon Act. This Act requires the Bureau to accept modified wage determinations received less than ten days before opening bids if there is a reasonable time to notify bidders of the modification.[1] The district court was alarmed at the Bureau's stunning disregard of the Act's mandates. The court felt, and we agree, the Bureau was more concerned with its own interests than the interests to be protected under the Act.

It is apparent the district court's order is directed toward the Bureau's arbitrary conduct, for the order expressly compels the Bureau to follow the mandates of the Davis-Bacon Act. This order is as relevant now as at the time it was established, and thus we must deny appellants' motion. Local 74, United Bhd. of Carpenters v. NLRB, 341 U.S. 707, 71 S.Ct. 966, 95 L.Ed. 1309 (1951); NLRB v. Denver Bldg. & Const. Trades Council, 192 F.2d 577 (10th Cir. 1951); NLRB v. United Bhd. Carpenters, 184 F.2d 60 (10th Cir. 1950), cert. denied, 341 U.S. 947, 71 S.Ct. 1011, 95 L.Ed. 1371.

■■ On the basis of the issues presented and the facts as found after an evidentiary hearing, the trial judge made all-inclusive conclusions of law. Int'l U. of Operating Eng., Local 627 v. Arthurs, 355 F.Supp. 7 (W.D.Okla.1973). We, of course, are bound by the findings of fact unless, after a consideration of all the evidence, we must conclude such findings of fact to be clearly erroneous. We have carefully considered all of the record before us and are compelled to accept the findings of fact made.

Likewise, we are in agreement with the conclusions of law set forth in the court's opinion. They fully cover the principles of law applicable to the issues presented and to the facts, as found.

Therefore, on the basis of, and for the reasons stated in the trial court's opinion, we AFFIRM.

However, there remains in the case the final disposition of the contempt proceedings; therefore, with our affirmance of the portion of the case here reviewed, we remand the case for such further proceedings deemed appropriate by the trial court.

---

1. 29 C.F.R. § 1.7(b)(1); 37 Fed.Reg. 21, 139, October 5, 1972.