CARPET, LINOLEUM AND RESILIENT TILE LAYERS, LOCAL UNION NO. 419, BROTHERHOOD OF PAINTERS AND ALLIED TRADES, AFL–CIO, an unincorporated association, and Colorado Building and Construction Trades Council, AFL–CIO, an unincorporated association, Plaintiffs-Appellants,

v.

Harold BROWN, Secretary of Defense; Joel W. Solomon, Administrator of the General Services Administration; John F. Forrest, Commanding General, U. S. Army, Fort Carson, Colorado; P. J. Menardi, Regional Administrator, General Services Administration; Philip A. Deffer, Commander, U. S. Army, Fitzsimons Army Medical Center; and Ray Marshall, Secretary of Department of Labor, Defendants-Appellees.

No. 79–2083.

United States Court of Appeals, Tenth Circuit.

Argued Jan. 27, 1981.

Decided July 30, 1981.

David Jonathan Cohen of Barr & Peer, Washington, D. C. (David S. Barr of Barr & Peer, Washington, D. C. and Martin D. Buckley of Hornbein, MacDonald, Fattor & Buckley, Denver, Colo., with him on the brief), for plaintiffs-appellants.

C. Scott Crabtree, Asst. U. S. Atty., D. Colorado, Denver, Colo. (Joseph F. Dolan, U. S. Atty., Denver, Colo. and William A. Aileo, Major, Dept. of the Army, Washington, D. C., of counsel, with him on the brief), for defendants-appellees.

Before SETH, Chief Judge, and HOLLOWAY and McKAY, Circuit Judges.

McKAY, Circuit Judge.

Plaintiffs brought suit to compel defendants to comply with the Davis-Bacon Act, 40 U.S.C. § 276a et seq., the Service Contract Act of 1965, 41 U.S.C. §§ 351–58, and the regulations promulgated under these Acts, 29 C.F.R. §§ 5–8, 41 C.F.R. §§ 1–12.-900–.905–11.[1] Plaintiffs allege that defendants have failed to perform their duty to prevent violations of these laws.[2]

---

1. The Davis-Bacon Act and the Service Contract Act help to insure that competition for federal contracts does not undercut local prevailing wages. The Acts direct the Secretary of Labor to determine what wages prevail for similar classes of workers in the locality and to write that wage standard as a minimum into the specifications of federal contracts. Collective bargaining agreements, if applicable, will provide the prevailing wage.

2. As evidence of the alleged lack of enforcement of these laws, plaintiffs rely on reports by

Plaintiffs prayed for a declaratory judgment, mandamus, and permanent and mandatory injunctions, alleging alternative bases of jurisdiction—28 U.S.C. § 1361 (mandamus) and 28 U.S.C. § 1331 (federal question). The district court concluded that plaintiffs' complaint was "legally insufficient to make out a case for mandamus," and that federal question jurisdiction was "barred by the sovereign immunity of the United States." Record, vol. 1, at 134. The court then dismissed the case for lack of jurisdiction.

Plaintiffs assert on appeal that the district court has jurisdiction to compel defendants to perform their statutory and regulatory duties pursuant to the Mandamus and Venue Act of 1962, 28 U.S.C. § 1361.[3] "Mandamus relief is appropriate only when the person seeking such relief can show a duty owed to him by the government official to whom the writ is directed that is ministerial, clearly defined and peremptory." *Schulke v. United States*, 544 F.2d 453, 455 (10th Cir. 1976). This restatement of the oft-cited ministerial-discretionary dichotomy which permeates the jurisprudence of mandamus[4] is merely shorthand for the well-taken rule that to the extent a statute vests discretion in a public official, his exercise of that discretion should not be controlled by the judiciary. The doctrine of separation of powers precludes the judiciary's arrogation of authority as a "super agency" controlling or overseeing the discretionary affairs of an agency established to aid one of the other branches of government.

On the other hand, it is the court's duty in a mandamus action to

measure the allegations in the complaint against the statutory and constitutional framework to determine whether the particular official actions complained of fall within the scope of the discretion which Congress accorded the administrators. . . . In other words, even in an area generally left to agency discretion, there may well exist statutory or regulatory standards delimiting the scope or manner in which such discretion can be exercised. In these situations, mandamus will lie when the standards have been ignored or violated.

*Davis Associates, Inc. v. Secretary, Department of Housing and Urban Development*, 498 F.2d 385, 389 & n.5 (1st Cir. 1974). Also, "if the court's study of the statute and relevant legislative materials caused it to conclude that the defendant official had failed to discharge a duty that Congress intended him to perform, the court should compel performance and thus effectuate the congressional purpose." Byse & Fiocca, *Section 1361 of the Mandamus and Venue Act of 1962 and "Nonstatutory" Judicial Review of Federal Administrative Action*, 81 Harv.L.Rev. 308, 337 (1967). *See also* *State Highway Commission v. Volpe*, 479 F.2d 1099, 1104 n.6 (8th Cir. 1973); *Peoples v. Department of Agriculture*, 427 F.2d 561, 564–65 (D.C.Cir.1970).

Similar principles govern the district court's jurisdiction to issue the requested mandatory injunction. Such jurisdiction can be based in federal question jurisdiction, 28 U.S.C. § 1331.[5] The injunc-

the Comptroller General of the United States issued in 1975 and 1977, which found, respectively, that defendants' "enforcement practices were not effective and had not detected cases in which employees had been paid less than the prevailing wage," Record, vol. 1, at 101, and that defendants were not "making reviews adequate to insure compliance with Davis-Bacon labor standards provisions," *id.* at 122.

3. Section 1361 provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

4. *See* Byse & Fiocca, *Section 1361 of the Mandamus and Venue Act of 1962 and "Nonstatutory" Judicial Review of Federal Administrative Action*, 81 Harv.L.Rev. 308, 331–36 (1967).

5. "[T]he APA does not afford an implied grant of subject-matter jurisdiction . . . ." *Califano v. Sanders*, 430 U.S. 99, 107, 97 S.Ct. 980, 985, 51 L.Ed.2d 192 (1977). However, the 1976 amendments to § 1331, Pub.L. No. 94–574, 90 Stat. 2721, "subject only to preclusion-of-review statutes created or retained by Congress, . . . confer jurisdiction on federal courts to review agency action." *Id.* at 105, 97 S.Ct. at 984.

tive remedy itself would be provided by the Administrative Procedure Act, 5 U.S.C. § 706(1), which authorizes a court reviewing agency action to "compel agency action unlawfully withheld." The district court's conclusion that plaintiffs' suit is barred by the sovereign immunity of the United States is erroneous.

> An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.

5 U.S.C. § 702. The court in *Sheehan v. Army and Air Force Exchange Service*, 619 F.2d 1132, 1138–40 (5th Cir. 1980), explained, "[t]he 1976 amendment to [§ 702] waives sovereign immunity for actions against federal government agencies, seeking nonmonetary relief, if the agency conduct is otherwise subject to judicial review." *See Jaffee v. United States*, 592 F.2d 712, 718–19 (3d Cir.), *cert. denied*, 441 U.S. 961, 99 S.Ct. 2406, 60 L.Ed.2d 1066 (1979).

■ We do not think that alternative or concurrent jurisdiction under both § 1361 and § 1331 is particularly troublesome. We are mindful of previous statements by this court that "[i]njunctive relief is not authorized under [§ 1361]." *McQueary v. Laird*, 449 F.2d 608, 611 (10th Cir. 1971). A close reading of *McQueary* reveals, however, that the court there was speaking only to negative injunctions—injunctions which "restrain the doing of an injurious act." *Id.* A mandatory injunction such as the one sought here is essentially in the nature of mandamus. Thus, jurisdiction for its issuance can be based on either § 1361 or § 1331, or both. *See Crawford v. Cushman*, 531 F.2d 1114, 1126 nn.15, 16 (2d Cir. 1976); *Operating Engineers Local 627 v. Arthurs*, 355 F.Supp. 7, 13–14 (W.D.Okla.), *aff'd*, 480 F.2d 603 (10th Cir. 1973).

■ With these jurisdictional bases, and whether we label the relief sought as mandamus or as mandatory injunction, the issue remaining is whether defendants here have failed to discharge a duty owed to plaintiffs which Congress has directed them to perform. The district court correctly resolved this issue as jurisdictional. "In resolving whether section 1361 jurisdiction is present, allegations of the complaint, unless patently frivolous, are taken as true to avoid tackling the merits under the ruse of assessing jurisdiction. [Citations omitted.] The test for jurisdiction is whether mandamus would be an appropriate means of relief." *Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir.), *cert. denied*, 449 U.S. 832, 101 S.Ct. 100, 66 L.Ed.2d 37 (1980). If dereliction in discharging a mandatory duty is alleged and if that allegation is not patently frivolous, both mandamus and injunctive relief are available, and we must remand for a trial on the merits. If, however, defendants have been accorded sufficient discretion to act as they have, the courts may not direct them to act otherwise, and dismissal for lack of jurisdiction is appropriate.

In *Operating Engineers Local 627 v. Arthurs*, 480 F.2d 603 (10th Cir. 1973), we broadly approved the trial court's opinion, 355 F.Supp. 7 (W.D.Okla.1973), which stated that "[t]he purpose of the Davis-Bacon Act is to provide protection to local craftsmen who were losing work to contractors who recruited labor from distant cheap-labor areas." 355 F.Supp. at 8. *See also Walsh v. Schlecht*, 429 U.S. 401, 411, 97 S.Ct. 679, 686, 50 L.Ed.2d 641 (1977); *Council v. Goldschmidt*, 621 F.2d 697, 702 (5th Cir. 1980). This goal is accomplished by the Davis-Bacon Act's guarantee that mechanics and laborers employed on public works projects are paid a wage not less than the prevailing wage in the locality. *Arthurs* is similar to the case before us. There a union sued a federal agency to force it to comply with regulations promulgated pursuant to the Davis-Bacon Act. The regulation at issue in *Arthurs* required the Bureau of

Reclamation to notify bidders of modifications to the Secretary of Labor's wage determinations for the locality, received later than ten days before the opening of bids if the Bureau had a reasonable time in which to do so. 29 C.F.R. § 1.7(b)(1). The Bureau received such a modification eight days before bidding opened on a dam construction project and rejected it on the ground that there was not enough time (1) to notify prospective bidders and (2) for them to act upon that modification. Finding that this decision was an unlawful exercise of discretion by the Bureau, and relying on § 1361 as a jurisdictional base, the court ordered the Bureau to reopen bidding and to include the wage modifications in the specifications furnished to prospective bidders. One of the principles of law set forth by the trial court and approved by this court states:

> Where an agency completely ignores the purpose of the controlling statute, as the defendants did in this case, there cannot be any rational basis in law to support its decision. A reviewing court would be doing less than its duty if it failed to set aside the agency action. By holding an agency accountable to its lawful duties, the administrative process will be vindicated.

355 F.Supp. at 9.

*Commonwealth v. National Association of Flood Insurers*, 520 F.2d 11 (3d Cir. 1975) is also analogous to this case. Plaintiffs there alleged the total failure of defendants to perform the duties mandated by the following portion of 42 U.S.C. § 4020:

> The Secretary shall from time to time take such action as may be necessary in order to make information and data available to the public, and to any State or local agency or official, with regard to—
> (1) the flood insurance program, its coverage and objectives . . . .

The court reasoned that the phrase "the Secretary *shall . . . take* such action as may be necessary" was mandatory language and that the inclusion of the phrase "as may be necessary" did not permit disobedience to the initial directive requiring the Secretary to consider whether or not action should be taken, the language of discretion pertaining only to the time and manner of acting. The court held, therefore, that the complaint "set forth a sufficient allegation which, *if proved,* warrants mandamus relief. . . . It is only at a hearing that the facts bearing upon this allegation may be developed." *Id.* at 26–27.

Here also, plaintiffs complain of a complete failure of federal officials to comply with mandatory statutory and regulatory directives. We conclude that their complaint, like that in the *Commonwealth* case, contains several allegations which, if proved, warrant relief in the nature of mandamus or mandatory injunction. Plaintiffs list nine examples of defendants' failure and refusal to perform their duties:

(a) Allowing contractors to pay their employees less than the prevailing rate of wages as determined by the Secretary of Labor;

(b) Failing to obtain and examine certified payrolls to assure compliance with the labor standards specified in the contracts;

(c) Failing to take reasonable measures to assure that employees are properly classified in accordance with the applicable regulations;

(d) Failing to conduct employee interviews to verify payroll data;

(e) Failing to follow specified procedures with respect to contractors who have persistently violated the Acts;

(f) Failing to implement the Department of Labor's supplemental investigation procedures, or comparable procedures;

(g) Dividing projects into a series of contracts for less than the minimum statutory amount for coverage under the Acts in order to evade the requirements of the Acts;

(h) Defining contracts which should fall within the Davis-Bacon Act as non-construction to evade the requirements of that Act; and

(i) Failing to allocate sufficient resources and staff to assure adequate enforcement of the Acts.

Record, vol. 1, at 25–26. Allegations a, b, e, and f adequately allege defendants' failure to perform the following nondiscretionary duties: (1) to examine payroll statements in order to assure compliance with labor standards clauses—29 C.F.R. § 5.6(a)(2) (the "agency shall make such examination of the submitted payrolls"); (2) to conduct investigations to assure compliance with labor standards clauses—*Id.* § 5.6(a)(3) (the "agency shall cause the investigations to be made as may be necessary to assure compliance with the labor standards clauses"); (3) to hold aggravated or willful violators of labor standards provisions ineligible to receive federal contracts—*Id.* § 5.6(b)(1) ("such contractor or subcontractor . . . shall be ineligible for a period not to exceed 3 years"); (4) to notify willful or aggravated violators of charges and to hold a hearing—*Id.* § 5.6(c)(1) (the Deputy Administrator . . . shall promptly notify . . . and afford . . . an opportunity to present such reasons . . . as they have to offer"); (5) to withhold sums due employees of contractors who violate labor standards clauses—41 C.F.R. § 1–12.905–7(a) ("any violation of the contract stipulations . . . renders the party responsible therefor liable for a sum equal to the amount of any . . . underpayment of compensation). That some of plaintiffs' other allegations, standing alone, would not support mandamus or mandatory injunction jurisdiction does not alter the substantial and justiciable nature of the allegations noted above.

Plaintiffs' charge is a serious one and, if proved, requires a remedy if our increasingly bureaucratic society is to retain at least the semblance of accountability. Where Congress has passed laws such as the Davis-Bacon Act, and where the Administrative Procedure Act mandates public comment to help shape the regulations promulgated pursuant to such laws, the judicial process must be available to assure that the public will be manifested in such laws and regulations is not ignored by officials charged with their implementation. The case is remanded for further proceedings not inconsistent with this opinion.

VACATED AND REMANDED.