F I L E D
United States Court of Appeals
Tenth Circuit

AUG 1 1997

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GARY G. LOHSE and CAROLYN A.
LOHSE,

        Plaintiffs-Appellants,

v.

JEFFREY A. FELKER and CATHERINE
BATTOCK,

        Defendants-Appellees.

Case No. 96-1540

(D.C. 96-WM-1322)
(District of Colorado)

**ORDER AND JUDGMENT**[*]

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiffs-appellants Gary and Carolyn Lohse, residents of Colorado, filed this pro se action against defendants-appellees Jeffrey Felker and Catherine Battock, also residents of Colorado, alleging breach of a real estate contract concerning the sale of a

---

[*]      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

house at 10151 East Caley Avenue in Englewood, Colorado. The district court dismissed the Lohses' complaint for lack of subject matter jurisdiction, finding that it could not exercise jurisdiction due to a lack of diversity among the parties and the absence of any federal question in the case. We agree and affirm.

We review de novo the district court's dismissal for lack of subject matter jurisdiction. McAlpine v. United States, 112 F.3d 1429, 1432 (10th Cir. 1997). The Lohses claim two bases for federal jurisdiction in this case. First, the Lohses assert there is a federal question in this case "pursuant to Chapter 37, Title 38 of the U.S. Code" because the Caley property provides security for a Veterans Administration home loan held by the Lohses, See Rec. vol. I, doc. 1 at 1 (Complaint dated June 5, 1996) [hereinafter Complaint]. Second, the Lohses assert there is diversity jurisdiction because the company currently holding the mortgage on the property is located in Florida.

In claiming federal question jurisdiction under 28 U.S.C. § 1331, the plaintiff "must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." Martinez v. United States Olympic Comm., 802 F.2d 1275, 1280 (10th Cir. 1986). In attempting to meet this requirement, the Lohses refer to Title 38, Chapter 37 of the United States Code which concerns federal housing and small business loans for veterans. See 38 U.S.C. §§ 3701-3764 (1997). The Lohses, however, fail to provide any facts in their complaint explaining why their breach of contract suit against the defendants-appellants is "one

arising under federal law." Martinez, 802 F.2d at 1280. The Lohses do not assert that this case concerns the interpretation of any portion of Chapter 37 or involves the Veterans Administration or any other federal agency. Thus, we agree with the district court that the Lohses failed to raise a federal question.

The Lohses' attempt to establish diversity of citizenship under 28 U.S.C. § 1332 is also deficient. That section provides that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between -- (1) citizens of different States." 28 U.S.C. § 1332(a)(1). It is clear from the Lohses' own admission that this is a case between citizens of the same State--both plaintiffs and defendants reside in Colorado. See Complaint at 1. Even if the Florida mortgage company were a party to this suit--which it is not--its inclusion would still not meet the complete diversity of citizenship required under § 1332. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff."). Thus, the Lohses failed to properly establish diversity jurisdiction.

Accordingly, the district court's order dismissing the Lohses' complaint for lack of subject matter jurisdiction is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court,


Robert H. Henry
Circuit Judge

3