**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 23 1998**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

GERALD PINDUS, on behalf of
themselves and all others similarly
situated; LYNN GILBERT, on behalf of
themselves and all others similarly
situated; SIDNEY R. CAREY, on behalf
of themselves and all others similarly
situated; PAULINE CHISM, on behalf of
themselves and all others similarly
situated; LAWRENCE B. HOLLIN,
individually and on behalf of all those
similarly situated; KENNETH STEINER;
CHARLES MILLER,

     Plaintiffs-Appellants,


CITY OF PHILADELPHIA, acting
through its Board of Pensions and
Retirement, on behalf of itself and all
others similarly situated,

     Plaintiff-Appellee,

v.

FLEMING COMPANIES INC.;
ROBERT E. STAUTH; R. RANDOLPH
DEVENING; DONALD N. EYLER;
KEVIN J. TWOMEY,

     Defendants-Appellees.

No. 97-6145

David A.P. Brower (Daniel W. Krasner and Jody B. Amsel, Wolf Haldelstein Adler Freeman & Herz LLP, New York, NY; and Mark Henricksen, Henricksen & Henricksen Lawyers, Inc., El Reno, OK, with him on the briefs), Wolf Haldelstein Adler Freeman & Herz LLP, New York, NY, for Plaintiffs-Appellants.

M. Richard Komins (Leonard Barrack and Gerald J. Rodos, Barrack, Rodos & Bacine, Philadelphia, PA; Robert Nelson and Theodore C. Sherwood, Nelson, Sherwood & Brown, Oklahoma City, OK; and David J. Bershad, Sanford P. Dumain, and William C. Fredericks, Milberg Weiss Bershad Hynes & Lerach LLP, New York, NY, with him on the briefs), Barrack, Rodos & Bacine, Philadelphia PA, for Plaintiffs-Appellees.

---

Before, **PORFILIO**, **BRISCOE**, and **LUCERO**, Circuit Judges.

---

**PORFILIO**, Circuit Judge.

---

During the early 1990s, David's Supermarkets, Inc. sued Fleming Companies, Inc. in Texas state court for violation of certain purchase agreements. In 1996, the jury in that suit returned a $204.5 million verdict against Fleming. Shortly after public announcement of the verdict, nine plaintiffs, including the appellants and appellees here, filed separate complaints against Fleming, each alleging, in one form or another, that Fleming had violated federal securities laws by failing to publicly report the pendency of the Texas suit.

On March 26, 1997, a district court entered an order which: (1) consolidated the nine class actions; (2) appointed the City of Philadelphia and Ronald T. Goldstein (the Philadelphia Plaintiffs) as lead plaintiffs in the consolidated action; (3) approved the Philadelphia Plaintiffs' counsel as lead counsel in the consolidated action; (4) ordered "[a]ll pleadings in the Consolidated Action [to] be filed by Lead Plaintiffs only"; and (5) ordered "[s]ervice of all papers [to] be made by defendants on Lead Plaintiffs only." The district court took these actions pursuant to Federal Rule of Civil Procedure 42(a) and the Private Securities Litigation Reform Act of 1995 (the PSLRA), codified at 15 U.S.C. § 78u-4.[1]

The appellants, individual investors[2] who had filed three of the nine original complaints (collectively the Pindus Plaintiffs), did not ask the district court for leave to appeal the consolidation and appointment order under 28 U.S.C. § 1292(b). Instead, they filed this direct appeal, seeking, among other things, appointment as lead plaintiff of their own class.

---

[1]Section 78u-4(a) governs the selection of "lead plaintiffs" and "lead counsel" in private securities litigation. Under the statute, within 110 days of the date a class action is filed, the district court must resolve any outstanding motions from putative class members who wish to be appointed as lead plaintiff. As a result, § 78u-4(a) effectively requires the district court to appoint a lead plaintiff and lead counsel at the very beginning of a class action litigation.

[2]The appellants are Lawrence B. Hollin, Kenneth Steiner, Charles Miller, Lynn Gilbert, Sidney R. Carey, Pauline Chism and Gerald Pindus.

The Philadelphia Plaintiffs have moved to dismiss this appeal due to lack of jurisdiction. The Pindus Plaintiffs do not contend the order is a "final judgment" within the meaning of 28 U.S.C. § 1291. Accordingly, if we are to find jurisdiction over this appeal, we must seek it in one of the few, narrow exceptions to the final judgment rule. The appellants argue we may review the order immediately because it (1) operates as an effective denial of a motion to intervene; (2) is a collateral order; and (3) falls under the pragmatic finality doctrine. In the alternative, the appellants ask us to treat their appeal as a petition for a writ of mandamus. Because we find the appellants' proffered grounds unpersuasive, we dismiss the appeal for lack of jurisdiction.

Appellants' jurisdictional arguments stem from the district court's order that "[a]ll pleadings in the Consolidated Action shall be filed by Lead Plaintiffs only." This provision, the appellants contend, effectively bars them from any further participation in the action and places them in peril of contempt if they attempt to file *any* motions or papers with the court because, under the court's order, only the lead plaintiff may do so. Furthermore, the appellants claim, by ordering defendants to serve papers *only* on the lead plaintiff, the district court has prevented the appellants from learning anything about the progress of the action. Under these provisions, appellants urge, not only can they not be heard, they cannot hear.

The appellants' denial of intervention, collateral matter, and pragmatic finality arguments all require us to interpret the March 26 order as an effective bar against *any*

further participation by the appellants in the class action litigation. For example, under the collateral matter doctrine, an appellant seeking immediate review of an interlocutory order must demonstrate the order "[1] conclusively determine[s] the disputed question, [2] resolve[s] an important issue completely separate from the merits of the action, and [3 is] effectively unreviewable on appeal from a final judgment." ***Coopers & Lybrand v. Livesay***, 437 U.S. 463, 468 (1978). Appellants argue the order conclusively determines the issue of their ability to have "separate voice in this class action" because the order's filing and service restrictions bar them from coming before the district court in any way to challenge the adequacy of the lead plaintiff or to litigate their own distinctive claims, upon pain of contempt. Each of the appellants' jurisdictional arguments is based, in one form or another, on this draconian interpretation of the district court's order.

We cannot accept this view. The plain language of the order only restricts "pleadings," not motions. We have no reason to interpret this language to mean anything other than what it says: only the lead plaintiff may file further *pleadings* in the consolidated action. Nothing in the order suggests the appellants are prohibited from filing *motions*. In fact, the record shows that the appellants filed a motion with the district court, *after* the March 26 order was entered, in which they requested leave to file a motion for a stay of proceedings pending this appeal. Instead of holding the appellants in contempt of court, the court granted their request. Under these circumstances, we cannot

adopt the appellants' interpretation of the March 26 order. Because the appellants'

jurisdictional claims cannot stand without this interpretation, we reject them.

Nor do we believe it would be appropriate to construe this appeal as a petition for

a writ of mandamus.

> Since it is a drastic remedy, mandamus is only to be invoked in
> extraordinary situations. Thus, we will not issue a writ unless the petitioner
> has no other adequate means to attain the relief he seeks, and unless his
> right to the issuance is "clear and indisputable." Moreover, we will not
> issue mandamus against a district court unless it has clearly abused its
> discretion.

*Journal Publ'g Co. v. Mechem*, 801 F.2d 1233, 1235 (10th Cir. 1985).

The district court has not clearly abused its discretion. It has appointed lead

plaintiff and lead counsel as required by the PSLRA. Its restrictions on the manner in

which pleadings are to be filed and papers are to be served fall well within the borders of

ordinary case management of a complex class action. Furthermore, the appellants have

failed to demonstrate they have "no adequate means to attain the relief they seek." This

litigation has only just begun, and we believe the appellants will have many more

opportunities to protect their interests during its progress.

**DISMISSED**.