**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 21 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

PETER V. SMILDE,

        Plaintiff-Appellant,

v.

ALEXIS M. HERMAN, Secretary,
U.S. Department of Labor; USA;
UNITED STATES DEPARTMENT
OF LABOR,

        Defendants-Appellees.

No. 99-1217
(D.C. No. 99-Z-245)
(D. Colo.)

---

**ORDER AND JUDGMENT** [*]

---

Before **EBEL** , **LUCERO** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff Peter V. Smilde appeals the district court's sua sponte dismissal of his complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3).  This court, exercising jurisdiction pursuant to 28 U.S.C. § 1291, vacates the district court's order and judgment of dismissal and remands with instructions.

## BACKGROUND

In his complaint, Smilde alleges he is a Colorado resident and was employed as a paralegal by the Private Industry Council (PIC), an Oregon nonprofit agency, under the Older American Community Service Employment Program (OACSEP).  OACSEP provides federal funds for the creation and subsidization of part-time, community service jobs for low-income Americans over age fifty-four.   See 42 U.S.C. §§ 3056-56i.  It is administered by the United States Department of Labor (DOL) through contracts with nonprofit organizations.  Before making a payment toward the cost of an OACSEP program, the Secretary of Labor is required to "assure" that employed persons

> shall be paid wages which shall not be lower than whichever is the
> highest of (i) the minimum wage which would be applicable to the
> employee under the Fair Labor Standards Act of 1938 . . ., (ii) the
> State or local minimum wage for the most nearly comparable covered

employment, or (iii) the prevailing rates of pay for individuals employed in similar public occupations by the same employer.

42 U.S.C. § 3056(b)(1)(J).

Proceeding pro se, Smilde filed suit claiming that PIC's pay scale did not comply with § 3056(b)(1)(J), in that he was paid a minimum wage of $4.75 an hour but others performing the same work were paid $14.96 an hour. Alleging that he had exhausted his administrative remedies, he sought an order compelling the Secretary of the DOL to enforce Smilde's interpretation of § 3056(B)(1)(J)(iii) by requiring PIC to pay him $9,686.00 in back pay. Smilde claimed that the district court had jurisdiction under 28 U.S.C. § 1361 (the Mandamus and Venue Act), and § 1331 (federal question jurisdiction).

The district court, on its own motion and before issuing a summons to defendants, reviewed its subject matter jurisdiction. It concluded that its jurisdiction could arise only under § 1361, determined that mandamus was not appropriate, and entered an order dismissing the complaint under Fed. R. Civ. P. 12(h)(3). [1]

---

[1]    Previously, the district court ordered a review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine if the complaint was frivolous or malicious, failed to state a claim on which relief may be granted, or sought monetary relief against a defendant who is immune from such relief. The court, however, did not base its dismissal on that provision.

## I. STANDARD OF REVIEW

Applying "liberal rules of pleading, particularly where a party proceeds pro se," this court reviews de novo a dismissal for lack of subject matter jurisdiction, accepting as true the complaint's uncontroverted factual allegations. See Sac & Fox Nation of Okla. v. Cuomo, Nos. 97-6317, 98-6212, 1999 WL 811669, *2, *4 (10th Cir. Oct. 12, 1999) (discussing dismissal under Fed. R. Civ. P. 12(b)(1)). It is a federal court's duty to review pleadings for jurisdictional defects. See Maier v. United States Envtl. Protection Agency, 114 F.3d 1032, 1036 (10th Cir. 1997). In weighing the advisability of a sua sponte dismissal based on a complaint alone, however, the court must keep in mind that a plaintiff with an arguable claim is ordinarily accorded notice of a pending dismissal to

> alert him to the legal theory underlying [a] challenge, and enable him meaningfully to respond by opposing the motion to dismiss on legal grounds . . . so as to conform with the requirements of a valid legal cause of action. This adversarial process also crystallizes the pertinent issues and facilitates appellate review of a trial court dismissal by creating a more complete record of the case.

Neitzke v. Williams, 490 U.S. 319, 329-30 (1989) (citations omitted) (comparing a dismissal under 28 U.S.C. § 1915(d), the precursor to § 1915(e)(2), with one under Rule 12(b)(6)). "[S]ua sponte dismissals without prior notice or opportunity to be heard are hazardous. . . . [U]nless the defect is clearly incurable a district court should grant the plaintiff leave to amend, allow the parties to argue the jurisdictional issue, or provide the plaintiff with the opportunity to

-4-

discover the facts necessary to establish jurisdiction." <u>Joyce v. Joyce</u>, 975 F.2d 379, 386 (7th Cir. 1992) (quotations and citations omitted).

This court has previously held that a sua sponte dismissal under Rule 12(b)(6) is only proper when "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." <u>Hall v. Belmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991) (quotation omitted). It has also permitted dismissal of a pro se claim "if the plaintiff cannot make a rational argument on the law and facts in support of [his] claim." <u>Whitney v. New Mexico</u>, 113 F.3d 1170, 1172-73 (10th Cir. 1997) (quotations omitted). The same principles apply to a sua sponte dismissal for lack of subject matter jurisdiction.

## II.    DISCUSSION

In the instant case, the sufficiency of the jurisdictional allegations must be examined in light of the relief sought: an order requiring the Secretary to perform what Smilde asserts is a statutorily-required duty. This type of relief is authorized by the Mandamus Act and Venue Act, 28 U.S.C. § 1361, and also the Administrative Procedure Act (APA), 5 U.S.C. §§ 701-06. <u>See</u> <u>Hernandez-Avalos v. INS</u>, 50 F.3d 842, 844 (10th Cir. 1995). These "two statutes are . . . merely different means of compelling an agency to take action which by law it is required to take." <u>Id.</u> at 844 (quotation omitted). "'A mandatory injunction issued under

-5-

the APA is essentially in the nature of mandamus. Thus, jurisdiction for its issuance can be based on either § 1361 [mandamus jurisdiction] or § 1331 [federal question jurisdiction] or both.'" Id. at 845 (quoting Carpet, Linoleum & Resilient Tile Layers, Local Union No. 419 v. Brown, 656 F.2d 564, 566 (10th Cir. 1981)).

"The APA provides that any person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof . . . . As the Supreme Court has recognized, the APA establishes *a strong presumption in favor of reviewability of agency action*." McAlpine v. United States, 112 F.3d 1429, 1432 (10th Cir. 1997) (quotation omitted).

In contrast, mandamus is a drastic remedy which will issue only in exceptional circumstances. See Pindus v. Fleming Companies, 146 F.3d 1224, 1226 (10th Cir. 1998). Because of its unique nature, we have evaluated a district court's jurisdiction over a mandamus request in an anomalous manner. "'[T]he test for jurisdiction [under § 1361] is whether mandamus would be an appropriate means of relief.'" Marquez-Ramos v. Reno, 69 F.3d 477, 479 n.3 (10th Cir. 1995) (quoting Carpet, Linoleum & Resilient Tile Layers, 656 F.2d at 567) (further quotation omitted). As a result, a failure to demonstrate entitlement to relief may preclude jurisdiction.

Generally, the existence of subject-matter jurisdiction does not depend on whether there is a "possibility that averments might fail to state a cause of action on which petitioners could actually recover." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (quotation omitted).

> Rather, the District Court has jurisdiction if the right of petitioners to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another, unless the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous. Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is so insubstantial, implausible, foreclosed by prior decisions of [the Supreme Court] or otherwise completely devoid of merit as not to involve a federal controversy.

Id. (quotations and citations omitted). The conversion of what is usually a merits issue into a jurisdictional one may be avoided by looking to the APA first, and resorting to mandamus jurisdiction under § 1361 only if necessary. [2]

---

[2] Because the issue is not properly framed on appeal, we make no determination whether the holding of Steel Co., 523 U.S. at 89, affects established case law on the jurisdictional character of the mandamus elements. We note, however, that the resolution of this issue may have no practical effect on the treatment of requests for relief from agency action. This court has previously stated that a district court should "avoid tackling the merits under the ruse of assessing jurisdiction . . . . If dereliction in discharging a mandatory duty is alleged and if that allegation is not patently frivolous, both mandamus and injunctive relief are available, and we must remand for a trial on the merits." Carpet, Linoleum & Resilient Tile Layers, 656 F.2d at 567 (quotation omitted).

Moreover, § 1361 is "intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief. . . ." Heckler v. Ringer, 466 U.S. 602, 616 (1984). Because "[t]he availability of a remedy under the APA technically precludes [an] alternative request for a writ of mandamus," Mt. Emmons Mining Co. v. Babbitt, 117 F.3d 1167, 1170 (10th Cir. 1997), suggests an initial examination under the provisions of the APA. This procedure follows the general practice of this court. See id.; Western Shoshone Bus. Council ex rel. W. Shoshone Tribe of Duck Valley Reservation v. Babbitt, 1 F.3d 1052, 1059 (10th Cir. 1993); see also R.T. Vanderbilt Co. v. Babbitt, 113 F.3d 1061, 1065 (9th Cir. 1997) ("[W]e [have] recognized that mandamus relief and relief under the APA are 'in essence' the same; . . . as a result we [have] elected to analyze the claim under the APA where there is an adequate remedy under the APA.").

## A.     Relief under the APA

Here, the district court analyzed Smilde's request for relief from agency action in reverse order. It viewed and disposed of the matter as solely a mandamus action, without specifically mentioning the APA. In discussing the mandamus request, however, the district court determined that Smilde should have first sought review of the agency's action in a court of appeals. See R., doc. 7, at 4-5. This conclusion is the equivalent of a ruling that, in the district court, Smilde has no entitlement to relief under the APA.

The district court analyzed the OACSEP statutory framework and reached its conclusion in a nonadversarial context. It began with a recognition that OACSEP does not set out a specific judicial review process. The court noted, however, that 42 U.S.C. § 3056a(B)(1) requires the Secretary to coordinate programs under OACSEP with programs under the Job Training Partnership Act (JTPA), 29 U.S.C. §§ 1501-1792b, and concluded that persons aggrieved by OACSEP working conditions should follow procedures under the JTPA.       See R., doc. 7, at 4-5. Under the JTPA, judicial review is "in the United States Court of Appeals having jurisdiction over the applicant or recipient of funds." 29 U.S.C. § 1578(a)(1).

We note, however, that the reference to coordination is in an OACSEP section titled "Administration of community service projects," requiring coordination with the JTPA, as well as other programs, "to increase the likelihood that eligible individuals for whom employment opportunities under this subchapter are available and who need services under such subchapters receive such services." 42 U.S.C. § 3056a(b)(i). On its face, the primary concern of this provision appears to be a fair distribution of grants, not the procedural requirements for program enrollees.

It is not patently obvious that Smilde failed to allege the jurisdictional facts supporting his request for district court review of DOL's action. When the

-9-

controlling statute is silent or ambiguous on the proper court for judicial review of an agency action, a ruling on the issue implicates a complex area of the law. As the Eighth Circuit has noted, a determination of "whether initial review [of an agency action] should proceed in the court of appeals or the district court . . . is often complicated by confused case law standards or poorly drafted and ambiguous statutory language." Jaunich v. United States Commodity Futures Trading Comm'n, 50 F.3d 518, 520 (8th Cir. 1995); see also National Parks & Conservation Ass'n v. FAA, 998 F.2d 1523, 1526-29 (10th Cir. 1993) (dealing with the intricacies of jurisdiction over review of agency action). At the outset of litigation, Smilde's claim is not so deficient that it is now subject to dismissal for lack of subject matter jurisdiction.

## B. Mandamus relief

If his claim for relief under the APA ultimately fails for any reason, Smilde must then proceed to demonstrate entitlement to mandamus relief by showing: (1) a clear right to the relief sought, (2) a plainly-defined and peremptory duty on the part of the defendant, and (3) no other adequate remedy. See Johnson v. Rogers, 917 F.2d 1283, 1285 (10th Cir. 1990). Smilde's complaint alleges that he had exhausted his administrative remedies, that the Secretary owes a statutory duty to him, and that the duty is mandatory. Liberally construed, these allegations are

sufficient to allow the adversary process to begin. Therefore, the district court's sua sponte dismissal for lack of mandamus jurisdiction was improper.

## CONCLUSION

We render no opinion on the merits of Smilde's claims, but harbor some doubt that the district court lacked jurisdiction. As a consequence, the judgment of the district court dismissing Smilde's complaint for lack of subject matter is VACATED and the matter is REMANDED to the district court with instructions to issue service of process and require defendants to answer or otherwise respond to the complaint. Smilde's motion to proceed in forma pauperis on appeal is granted.

Entered for the Court

Michael R. Murphy
Circuit Judge